## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**WILLIAM JARRETT,**

**Plaintiff,**

**v.**                                                  **Case No. 3:16-cv-09282**

**WEST VIRGINIA DIVISION**
**OF PARDON AND PAROLE,**

**Defendant.**

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and a written statement prepared by Plaintiff that has been construed by the Clerk of Court as a Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the

1

court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff apparently complains about a decision made by the West Virginia Division of Pardons and Parole and about a letter that Plaintiff sent to the Division. However, Plaintiff fails to identify a cause of action against the Division, fails to state how his complaint triggers federal jurisdiction, and fails to request specific relief. In order for the undersigned to complete a preliminary review of the merits of the complaint and rule on the motion to proceed *in forma pauperis*, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** of the date of this Order and cure the following deficiencies in pleading as indicated below:

1.      In order to state a cause of action for money damages under 42 U.S.C. § 1983, a plaintiff must show that a person (the defendant) was acting under color of state law and deprived the plaintiff of a federally protected civil right, privilege, or immunity. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). For the most part, liability under 42 U.S.C. § 1983 is personal in nature, based upon a defendant's own constitutional violation. *Monell v. Department of Social Services of the City of NY,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Here, Plaintiff has only named the West Virginia Division of Pardons and Parole as a defendant. The Division is not a "person" subject to liability under 42 U.S.C. § 1983. Therefore, if Plaintiff claims that a person acting under color of state law has violated his federal civil or constitutional rights, he must amend his complaint to name the individual and to state precisely what civil or constitutional right was violated. If Plaintiff did not intend for his statement to constitute a complaint under 42 U.S.C. § 1983, then he must amend the complaint to identify the cause of action he claims and to

show how that cause of action falls within the jurisdiction of this federal court.

2.      Plaintiff must identify the nature of the injury he claims to have suffered as a result of the alleged wrongdoing. Plaintiff currently makes no claim for relief. Accordingly, the complaint must be amended to describe the injury suffered and the relief requested.

**Plaintiff is hereby given notice** that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim cognizable under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. Plaintiffs is also reminded of his obligation to promptly notify the Clerk of Court of any change in contact information.

Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), shall be held in abeyance pending initial review of Plaintiff's amended complaint or pending other further proceedings in this case.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** October 5, 2016

Cheryl A. Eifert
United States Magistrate Judge