# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

WILLIAM JARRETT,

      Plaintiff,

v.            CIVIL ACTION NO. 3:16-9282

WEST VIRGINIA DIVISION
OF PARDON AND PAROLE,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and the initial screening of Plaintiff's amended complaint (ECF No. 7).[1] By Standing Order, this case was assigned to Magistrate Judge Cheryl A. Eifert for proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge issued the Proposed Findings and Recommendations (PF&R) on May 25, 2017, concluding that Plaintiff's Application should be denied and Plaintiff's Amended Complaint should be dismissed. *See PF&R*, ECF No. 13, at 2. Plaintiff subsequently filed an Objection to the PF&R that is now ripe for review. *See Obj.*, ECF No. 17. For the following reasons, the Court **OVERRULES** Plaintiff's objection, **ACCEPTS and INCORPORATES** herein the Magistrate Judge's findings and recommendations, **DENIES** Plaintiff's Application (ECF No. 1), and **DISMISSES** Plaintiff's Amended Complaint (ECF No. 7).

---

[1] Plaintiff is acting *pro se*, so the Court holds the filed documents to a less stringent standard than if they had been prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The Court conducts a *de novo* review of those portions of the Magistrate Judge's report to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."). In conducting this review, however, the Court does not hold a hearing. Instead, the Court reads and considers the documents in the record, including the Amended Complaint, the PF&R, and any filed objections. The Court, however, is not required to review, under a *de novo* or other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendations to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Plaintiff's Objections fail to object to a specific portion of the PF&R. Instead, Plaintiff again asserts that Plaintiff was not notified of a court hearing (presumably referring to John Benson's parole hearing described in the Amended Complaint); that Plaintiff finds the court's findings to be without merit; and that no one can provide Plaintiff with the sentimental letter that was allegedly sent by him. *See Obj.*, ECF No. 17, at 1-2. None of these complaints object to the Magistrate Judge's finding that Plaintiff cannot maintain a 42 U.S.C. § 1983 action against Defendant because Defendant is an arm of the State of West Virginia. *See PF&R*, ECF No. 13, at 5-7; *Parkulo v. W. Virginia Bd. of Prob. & Parole*, 483 S.E.2d 507, 513-14 n.2 (1996). Congress did not intend for § 1983 to apply against the state or the state's "political entities and political subdivisions", so Plaintiff must assert the claim against a "person" to have a plausible cause of action that survives an initial screening. *Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 60 (1989). The Magistrate Judge explained to Plaintiff that the named defendant could not satisfy

the "person" standard under § 1983, but Plaintiff failed to alter his pleading to reflect the legal requirement. *See PF&R*, ECF No. 13, at 2. The Court agrees with the Magistrate Judge's legal analysis that Plaintiff's Amended Complaint does not state a claim for which relief can be granted. *Id.* at 4. Plaintiff's objections do not rectify the Amended Complaint's deficiencies and do not object to any specific portion of the Magistrate Judge's PF&R.

Accordingly, the Court **OVERRULES** Plaintiff's objection, **ACCEPTS and INCORPORATES** herein the Magistrate Judge's findings and recommendations, **DENIES** Plaintiff's Application (ECF No. 1), and **DISMISSES** Plaintiff's Amended Complaint (ECF No. 7).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 9, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE